Elaine E. Bucklo, United States District Judge
Plaintiff Matuschka was involved in an auto accident in which he rear-ended another vehicle, causing catastrophic injuries to an individual who later asserted personal injury claims against him. Matuschka tendered the defense of that suit to Progressive, which insured Matuschka at the time under a primary policy with a liability limit of $500,000. Matuschka was also insured by plaintiff AAIC under an umbrella policy with a liability limit of $1 million. Progressive accepted the tender, but plaintiffs claim that it handled Matuschka's defense in an unreasonable and bad faith manner.
The complaint details a number of ways in which Progressive allegedly mishandled the underlying litigation, including its refusal to engage in good faith mediation; its pursuit of a defense strategy that continued to drive up litigation costs long after Progressive knew or should have known that Matuschka's liability for the underlying plaintiff's significant medical expenses was a near certainty; and its refusal to accept a reasonable settlement demand for $825,000-an amount that protected Matuschka's personal assets and limited AAIC's exposure-in favor of an unreasonable strategy of risking trial on the underlying plaintiff's well-supported claims for $2.5 million in damages-an amount that, if awarded, would have exhausted the limits of both of Matuschka's insurance policies and left him personally liable for another $1 million. AAIC stepped in to avoid that outcome by accepting the underlying plaintiff's settlement offer an hour before it was set to expire, paying the entirety of the settlement notwithstanding its view that, as the primary insurer, Progressive was responsible for the first $500,000 of that amount.
In this action, plaintiffs seek a declaration of Progressive's duty to defend, indemnify, and settle the underlying claims against Matuschka up to the limit of his primary policy; damages for breach of contract *820 and breach of the duty of good faith; relief under 215 ILCS 5/155 for unreasonable and vexatious delay in settling an insurance claim; contractual and equitable subrogation to allow AAIC to recover amounts it paid to settle the underlying litigation that should have been paid by Progressive; and restitution and recovery of a portion of the amount AAIC paid to settle the underlying litigation to the extent those amounts unjustly enriched Progressive. Progressive has moved to dismiss all of these claims.
In Progressive's view, plaintiffs' declaratory claim does not present a justiciable controversy because Progressive has never disputed its duty to defend, indemnify, or settle claims against Matuschka.[1] Progressive argues that this count should be dismissed because it never disputed its duty to defend, and because neither its indemnification nor its settlement obligations were triggered on the facts alleged. But even assuming the parties are in agreement over the existence of Progressive's duty to defend, that agreement does not resolve their dispute over whether that duty was breached, or over who, as between the two insurers, is responsible for payment of the underlying settlement. At all events, whether Progressive's contractual obligations were "triggered" is a facts-based question that is not appropriate for resolution at the pleadings stage.
Indeed, the arguments Progressive articulates throughout its motion-which cites only a handful of cases, none of which involved allegations comparable to the ones here, and most of which were decided on a fully developed factual record-do not support dismissal on the pleadings. Moreover, several of the authorities Progressive cites support plaintiffs. For example, Progressive cites Haddick ex rel. Griffith v. Valor Insurance , 198 Ill.2d 409, 261 Ill.Dec. 329, 763 N.E.2d 299, 304 (Ill. 2001) for the argument that its duty to settle never arose, but in that case, the Supreme Court of Illinois held that "[t]he duty of an insurance provider to settle arises when a claim has been made against the insured and there is a reasonable probability of recovery in excess of policy limits and a reasonable probability of a finding of liability against the insured." The allegations of the complaint plead that very scenario. Haddick also offers a response to Progressive's argument that the duty to settle generally is not triggered until a third party demands settlement within policy limits, as the court explicitly recognized an exception "where the probability of an adverse finding on liability is great and the amount of probable damages would greatly exceed policy limits," id. , 261 Ill.Dec. 329, 763 N.E.2d at 305 n. 1 -again, the very circumstances alleged in the complaint. Nor does Progressive offer any authority for the argument that Matuschka's putative breach of the policy by settling the underlying litigation without Progressive's consent precludes recovery by plaintiffs. Cf. SwedishAmerican Hosp. Ass'n of Rockford v. Ill. State Medical Inter-Ins. Exchange , , 395 Ill.App.3d 80, 334 Ill.Dec. 47, 916 N.E.2d 80, 99 (Ill. App. Ct. 2009) (when insurer arbitrarily refuses to settle within policy limits, insured may effect a reasonable settlement without breaching policy).
*821 These shortcomings are emblematic of the general tenor of Progressive's motion, which rests on generic propositions and conclusory arguments that are ill-tailored to the facts alleged in the complaint. I have examined each of Progressive's remaining arguments and conclude that none compels dismissal at this juncture.

Progressive cites no legal authority to support its challenge to plaintiffs' claim for declaratory relief, and I note that although Progressive seeks dismissal under Rule 12(b)(6), its arguments are framed in jurisdictional terms ordinarily raised in arguments for dismissal under Rule 12(b)(1). Mot. at 2, 3 (asserting "no justiciable issue" and "no actual controversy" to support declaratory relief). I am satisfied that subject matter jurisdiction exists in this case. See, e.g., Cushman & Wakefield, Inc. v. Illinois Nat'l Ins. Co., No. 14 C 8725, 2015 WL 2259647, at *4-*5 (N.D. Ill. May 11, 2015) (Lefkow, J.).